UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALIL A. AZIZI,

        Plaintiff,

v.

        Case No. 22-cv-605-pp

JODI ZIERHUT,

        Defendant.

---

**ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM (DKT. NO. 4), SETTING DEADLINE FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT AND DEFERRING RULING ON PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

---

      On May 23, 2022, the plaintiff—who is representing himself—filed a complaint alleging that the defendant (his probation officer) violated his First Amendment rights by forbidding him from having full access to the Internet. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

      Four days later, the court received from the plaintiff an amended complaint, again alleging that his probation officer would not allow him to have full access to the Internet and adding that the probation officer would not allow him to have a laptop and that she "took [him] away from [his] mother . . . ." Dkt. No. 4.

      This order screens the amended complaint, dismisses it for failure to state a claim and sets a deadline for the plaintiff to file a second amended

1

complaint. It defers ruling on his motion to proceed without prepaying the filing fee.

I. **Allegations in the Amended Complaint[1] (Dkt. No. 4)**

The amended complaint alleges that the defendant will not let the plaintiff have "full access" to the Internet and that she will not let him have a laptop. Dkt. No. 4 at 2. The plaintiff asserts that he has the right to go on the Internet, but that the defendant's supervisor told him that whatever his probation officer told him, the supervisor would go along with. Id. The amended complaint also alleges that the defendant "took the plaintiff away from [his] mother," who had "old timers" (the court assumes that the plaintiff means that his mother has Alzheimer's disease). Id. at 3. The plaintiff asserts that he was seeing his mother every day from 8:00 a.m. to 6:00 p.m. until the defendant "took that away from [him]." Id. He says the only time he could see his mother was in the hospital when she broke her hip. Id. The plaintiff says that really needs access to the Internet; he says that he does not have a child pornography case or a computer case, so he needs "full access to everything everyone has." Id. The plaintiff marked the box on the complaint form indicating that he was suing for a violation of federal law. Id. at 4.

---

[1] The court screens only the amended complaint because "[i]t is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void." Flannery v. Recording Indus. Ass'n of America, 354 F.3d 632, 638 n.1 (7th Cir. 2004) (citing Fuhrer v. Fuhrer, 292 F.2d 140, 144 (7th Cir. 1961)). The amended complaint the court received on May 27, 2022 took the place of, or "superseded," the original complaint the plaintiff filed on May 23, 2022.

2

As relief, the plaintiff asks for a restraining order against the defendant and "5 million for wrongful death." Id. at 4.

## II. Screening Requirement

In cases where the plaintiff asks to proceed without prepaying the filing fee, the court must dismiss the case if it determines that the claims are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. The court must liberally construe the allegations of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III. Analysis of the Plaintiff's Claims

While the amended complaint does not mention the First Amendment, the original complaint did, so the court assumes that the plaintiff's claim that the probation officer will not allow him access to the Internet is a First Amendment claim. A person who believes that a state official—such as a probation officer—has violated his constitutional rights may bring a claim in

3

federal court under 42 U.S.C. §1983. To state a claim under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)).

The Wisconsin Circuit Court Access Program shows that in 1993, the plaintiff was convicted of violating Wis. Stat. §948.02(2), second-degree sexual assault involving a person under the age of sixteen, and Wis. Stat. §948.02(1), first-degree sexual assault of a child. State of Wisconsin v. Alil Azizi, Case No. 1992CF923377 (Milwaukee Circuit Court) (available at https://wcca.wicourts.gov/). Because the defendant was convicted almost thirty years ago, CCAP does not reflect his sentence. The amended complaint does not provide this information, either. It does not indicate whether the plaintiff is still on supervision or whether his supervision term has ended. It does not indicate whether the sentencing judge imposed the condition that the plaintiff could not access the Internet, or whether the probation officer imposed that condition.

The missing information is relevant to whether the amended complaint states a claim for which a federal court may grant relief. If the plaintiff's probation term is lawful and still ongoing, this court cannot interfere. "[F]ederal courts are required by *Younger v. Harris*, 401 U.S. 37 . . . (1981) to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." Tobey v. Chibucos, 890 F.3d 634,

4

651 (7th Cir. 2018) (citing Middlesex Cty. Ethics Committee v. Garden State Bar Ass'n., 457 U.S. 423, 431 (1982); Vill. of DePue, Ill. v. Exxon Mobil Corp., 537 F.3d 775, 783 (7th Cir. 1008)). If the plaintiff currently is on probation and disagrees with how his probation officer is treating him, he may "lodge his objections in the state court overseeing his probation." Id. "Federal courts generally may not intervene in ongoing state criminal proceedings." Id.

If the judge who sentenced the plaintiff is the one who imposed the condition prohibiting him from accessing the Internet, "a petition for a writ of *habeas corpus* is the appropriate vehicle for seeking relief, not a lawsuit for damages under section 1983." Id. (citing Williams v. Wisconsin, 336 F.3d 576, 579-80 (7th Cir. 2003)). This is because "[t]he restrictions that make up probation are considered a type of confinement . . . ." Id. And "[a]sking a probationer to adhere to the conditions of probation, warning him of the consequences if he fails to do so, and filing requests for revocation are not violations of section 1983; they are the job description for the often thankless task of being a probation officer." Id.

If, on the other hand, the plaintiff no longer is on probation and seeks to sue the probation officer for an alleged First Amendment violation that occurred in the past, it is possible he may state a claim. Under some circumstances, probation officers are entitled to absolute immunity from suit. These are circumstances in which the probation officers are being sued for "activities that are analogous to those performed by judges," such as acts associated "with the decision to grant, revoke, or deny parole, or the signing of

5

an arrest warrant." Dawson v. Newman, 419 F.3d 656, 662 (7th Cir. 2005) (quoting Wilson v. Kelkhoff, 86 F.3d 1438, 1444 (7th Cir. 1996)). On the other hand, they are not absolutely immune from suit "for performing their day-to-day duties in the supervision of a parolee." Id. The question in that instance would be what injury the plaintiff suffered as a result of that past prohibition.

The plaintiff's amended complaint does not contain enough information for the court to determine whether the plaintiff has stated a claim for which a federal court may grant relief based on his assertion that his probation officer denied him access to the Internet.

The plaintiff also claims that the defendant "took him away" from his mother, who was suffering from Alzheimer's. The amended complaint does not explain how the probation officer prevented the plaintiff from seeing his mother. Without more information about this claim—information about whether the plaintiff is still on probation, whether it was the judge or the probation officer who prevented the plaintiff from seeing his ailing mother, when the probation officer allegedly prevented him from seeing his mother and how she did so—the court cannot determine whether the plaintiff has stated a claim regarding being prohibited from seeing his mother.

Finally, in his request for relief, the plaintiff stated that he wanted damages for "wrongful death." But the complaint does not explain who died, when they died, how they died or how the probation officer had anything to do with that death. And a claim for wrongful death is a *state-law* claim. See Wis. Stat. §895.04(1). This federal court cannot decide state-law claims unless the

plaintiff and the defendant are citizens of different states, 28 U.S.C. §1332, or unless the state-law claim is "so related" to a federal-law claim over which the court has jurisdiction that it forms "part of the same case or controversy," 28 U.S.C. §1367(a).

The court will dismiss the plaintiff's amended complaint without prejudice and give the plaintiff a final opportunity to amend his complaint to address the missing information. The court will include with this order a blank amended complaint form. The plaintiff must write "Second" at the top of the first page in front of the words "Amended Complaint" and must put the number for this case—22-cv-605—on the line indicated for the case number. On the lines on pages 2-3 under "STATEMENT OF CLAIM," the plaintiff must explain when he was sentenced, when he started his probation term, whether he is still on probation, what conditions of probation the sentencing judge imposed. He must explain when the probation officer told him he could not have access to the Internet and why. He must explain when and how the probation officer prevented him from seeing his mother. He must explain who died, when and what the probation officer had to do with it. If there is not enough room on pages 2-3, the plaintiff may use up to two additional pages, double-spaced.

If the court receives a second amended complaint by the deadline the court sets below, it will screen that second amended complaint and determine whether the plaintiff has stated a claim for which a federal court may grant relief. If the court does not receive an amended complaint by the deadline the

court sets below, the court will dismiss this case without further notice or hearing.

### IV. Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

The court will defer ruling on the plaintiff's motion to proceed without prepaying the filing fee until the deadline has passed for him to file the second amended complaint. If the plaintiff timely files a second amended complaint and the court concludes that it states a claim upon which the may grant relief, the court will rule on the plaintiff's motion to proceed without prepaying the filing fee.

### V. Conclusion

The court **ORDERS** that the plaintiff's amended complaint is **DISMISSED WITHOUT PREJUDICE** because it fails to state a claim under 42 U.S.C. §1983. Dkt. No. 4.

The court **DEFERS RULING** on the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must file a second amended complaint on the enclosed form in time for the court to *receive* it by the end of the day on **September 16, 2022**. If the court does not receive a second amended complaint from the plaintiff by the end of

8

the day on September 16, 2022, the court will dismiss the case on the next business day without further notice or hearing.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
