UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALIL A. AZIZI,

        Plaintiff,

  v.                                    Case No. 22-cv-605-pp

JODI ZIERHUT,
DEPARTMENT OF CORRECTIONS,
and SUPERVISOR,

        Defendants.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT PLAINTIFF'S MOTION FOR RESTRAINING ORDER (DKT. NO. 7) AND DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM**

**I.    Procedural History**

On May 23, 2022, the plaintiff—who is representing himself—filed a complaint alleging that his probation officer, Jodi Zierhut, would not let him have full access to the Internet; he asserted that he had a right to the Internet under the First Amendment. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. Four days later, the plaintiff filed an amended complaint, again alleging that Zierhut would not allow the plaintiff to have full access to the Internet and would not let him have a laptop. Dkt. No. 4. The amended complaint also alleged that Zierhut "took [the plaintiff] away from [his] mother . . . ," whom he alleged had Alzheimer's.

1

Id. at 3. In the "Relief Wanted" section, the plaintiff sought "5 million for wrongful death." Id. at 4.

On August 26, 2022, the court screened the amended complaint and dismissed it without prejudice for failure to state a claim. Dkt. No. 6. It deferred ruling on the plaintiff's motion to proceed without prepaying the filing fee. Id. at 2, 8. The court noted that the amended complaint lacked information necessary for the court to determine whether the plaintiff could state a claim for which a federal court could grant relief:

> The amended complaint does not provide [the length of the plaintiff's sentence]. It does not indicate whether the plaintiff is still on supervision or whether his supervision term has ended. It does not indicate whether the sentencing judge imposed the condition that the plaintiff could not access the Internet, or whether the probation officer imposed that condition. The missing information is relevant to whether the amended complaint states a claim for which a federal court may grant relief.
>
> . . .
>
> The plaintiff's amended complaint does not contain enough information for the court to determine whether the plaintiff has stated a claim for which a federal court may grant relief based on his assertion that his probation officer denied him access to the Internet.

Id. at 5–6.

The court also concluded that it did not have enough information to determine whether the amended complaint stated a claim for relief regarding the plaintiff's assertion that Zierhut had prohibited him from seeing his mother and that it did not provide any facts about the alleged "wrongful death" mentioned in the request for relief. Id. at 6–7. It set a September 16, 2022 deadline for the plaintiff to file a second amended complaint providing the

2

missing information, and explained the information that the second amended complaint must contain. Id. at 7–8.

On August 31, 2022, the court received from the plaintiff a letter requesting an "emergency restraining order from the" Department of Corrections, asserting that there were "to[o] many things the D.O.C is doing that is [sic] not within the law." Dkt. No. 7 at 1. The motion stated that the plaintiff would "need to be removed from G.P.S and the sex offender reg. to comply with the restraining order." Id. The motion indicated that the plaintiff wanted an emergency court date. Id.

On September 13, 2022, the court received from the plaintiff a motion asking the court for "30 days more" so that he could "get [his] copies of [his] J.O.C. from the courthouse. Clerk of Courts Room 117." Dkt. No. 8. The next day, the court received from the plaintiff a document that stated simply, "This is my J.O.C. That is what you need to see;" he attached certified copies of three judgments of conviction. Dkt. No. 10. On September 16, the court denied as moot the motion for an extension of time. Dkt. No. 11.

On September 13, 2022, the court received from the plaintiff his second amended complaint. Dkt. No. 9. This order screens the second amended complaint and dismisses it without prejudice for failure to state a claim under 42 U.S.C. §1983. It denies as moot the plaintiff's motion to proceed without prepaying the filing fee and his motion for a restraining order and hearing date.

3

## II. Screening Requirement

In cases where the plaintiff asks to proceed without prepaying the filing fee, the court must dismiss the case if it determines that the claims are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). To state a claim under the federal notice pleading system, a plaintiff must provide "a short and plain statement of the claim" showing that he is entitled to relief. Federal Rule of Civil Proceudre 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he need only give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). However, the "allegations must be enough to raise a right to relief above the speculative level . . . ." Id. The court must liberally construe the allegations of the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III. Allegations in the Second Amended Complaint (Dkt. No. 9)

The second amended complaint adds two defendants: the Department of Corrections (DOC) and Zierhut's supervisor. Id. at 1. It states the following:

> On 4-7-93 I was convicted of 1 count of first degree sexual assault of a child and 2 counts of sexual assault of child. My judge in my case did not state I can not have full access to the internet. I'm also on probation until . . . 2031. The Judge Lee Wells in my case just sent me with a 40 year sentence[.] I did 26 years[.] I was let out on 12-30-19 and to let you know I'm still on probation and I get off on 2031 that is when I'll will [sic] no longer be on supervision. All I ask for to have full access to the internet like I told this court I don't have a child pron [sic] case or any computer case. I was told this is what I have to file from someone in the courthouse. A 1983.
>     Judge Lee Well did not state on record that I can't have the full access to the internet. And it is not in my J.O.C. as well.

4

Dkt. No. 9 at 2–3.

For relief, the second amended complaint requests full access to the Internet, a laptop "to buy for [the plaintiff's] own use to look any thing that [he] may need for it be the law or to good shopping." Id. at 4.

## IV. Analysis

The second amended complaint provides only the information the court requested in its August 26 order dismissing the first amended complaint. See Dkt. No. 6 at 7. It does not include the allegations from the first amended complaint, such as the allegation that Zierhut prevented him from seeing his mother or the plaintiff's assertion that he wanted five million dollars for wrongful death.[1] It does, however, provide some of the information that was missing from the amended complaint. The second amended complaint also indicates that the plaintiff is filing "a 1983." Dkt. No. 9 at 3.

Section 1983 of Title 42 is the federal civil rights statute. A person who believes that a state employee or official—such as a probation officer—has violated his constitutional rights may bring a claim in federal court under 42 U.S.C. §1983. To state a claim under §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of that right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir.

---

[1] The court's August 26, 2022 order neglected to explain to the plaintiff that the second amended complaint would take the place of all previous complaints and must be complete in itself, without reference to prior complaints.

5

2015) (citing Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)).

The Wisconsin Circuit Court Access Program (CCAP) shows that in 1993, the plaintiff was found guilty on two counts of second-degree sexual assault involving a person under the age of sixteen in violation of Wis. Stat. §948.02(2) and one count of first-degree sexual assault of a child in violation of Wis. Stat. §948.02(1). State of Wisconsin v. Alil Azizi, Case No. 1992CF923377 (Milwaukee Circuit Court) (available at https://wcca.wicourts.gov/). The second amended complaint confirms this, stating that the plaintiff was convicted of these crimes on April 7, 1993. Dkt. No. 9 at 2. As the court noted in its August 2022 order, because the plaintiff was convicted almost thirty years ago, CCAP does not reflect his sentence, but the second amended complaint states that Judge Lee Wells sentenced the plaintiff to forty years in prison, of which the plaintiff served twenty-six years before his release on December 30, 2019. Dkt. No. 9 at 2–3. The second amended complaint also states that the plaintiff is on probation and will be on probation until 2031. Id.

The documents the plaintiff provided show that in June 1989, in Case No. F-890466, the court had sentenced the plaintiff to a five-year term of probation after his conviction for unlawful possession of explosives, with the conditions that he have no contact with the victim or the victim's family members and that he possess no explosives. Dkt. No. 10 at 6. Case No. F-92337. Four years later, on June 18, 1993 Judge Lee E. Wells sentenced the plaintiff to serve 360 months in custody, consecutive to sentences imposed in

6

Case Nos. M-0289 and F-890466. Dkt. No. 10 at 2. The court revoked the probation imposed in F-890466 and sentenced the plaintiff to thirty-six months on that revocation. Id. at 4.

The documents the plaintiff provided do not indicate the length of any parole or post-incarceration supervision term the court imposed in 1993, but the plaintiff says that he is on probation until 2031. The documents the plaintiff provided do not reveal the parole or probation conditions the court may have imposed, but the plaintiff asserts that Judge Wells did not include a "no-Internet" condition: "Judge Lee Well [sic] did not state on record that I can't have the full access to the internet. And it is not in my J.O.C. as well." Dkt. No. 9 at 3. The court infers that it is the plaintiff's supervising officer, defendant Zierhut, who has imposed a no-Internet and no laptop condition.

Although the plaintiff says that he was told by someone at the court that he should file a "1983," because he currently is on supervision and challenges the conditions of that supervision, a civil lawsuit under 42 U.S.C. §1983 is not the appropriate way for the plaintiff to challenge those conditions. Many years ago, the Seventh Circuit Court of Appeals held that a person who is on state probation and challenging the conditions of his supervision is "in custody," and thus may challenge those conditions only through filing a petition for a writ of *habeas corpus*. Drollinger v. Milligan, 552 F.2d 1220, 1223-25 (7th Cir. 1977). The court has repeated that conclusion several times since, reiterating that

7

challenges to parole and probation conditions[2] must be brought as a collateral attack:

> [The plaintiff] may not challenge his parole condition or how it was imposed in a § 1983 suit for damages. Because parole is a form of custody, a challenge to a parole condition is a challenge to the "perimeters of [his] confinement" and so must be brought as a collateral attack. *See Williams* [*v. Wisconsin*], 336 F.3d [576] at 579–80 [(2003] (citing *Preiser v. Rodriguez*, 411 U.S. 475 . . . (1973)); *see also Tobey v. Chibucos*, 890 F.3d 634, 651 (7th Cir. 2018) (ruling conditions of probation must be challenged through habeas petition).

Jackson v. Lemmon, 738 F. App'x 369, 371 (7th Cir. 2018). See Williams, 336 F.3d at 579 (finding that challenge to parolee's travel restriction was improperly brought under §1983 and should have been presented as a petition for *habeas corpus* under §2254); Drollinger, 552 F.2d at 1225 (concluding that "constitutional challenge to the conditions and terms of probation . . . must be brought as a petition for habeas corpus" under 28 U.S.C. §2254). See also Tobey, 890 F.3d at 651 ("The restrictions that make up probation are considered a type of confinement rather than conditions of confinement. . . . If he wishes to challenge the imposition of these conditions, he must do so in a *habeas* proceeding after exhausting his state court remedies."). In sum, "a petition for a writ of *habeas corpus* is the appropriate vehicle for seeking relief, not a lawsuit for damages under section 1983." Tobey v. Chibucos, 890 F.3d

---

[2] The Seventh Circuit has stated that it "can discern no significant difference between the statutes of parole and probation with regard to the question of custody" and that both "satisf[y] the jurisdictional prerequisite for a habeas corpus action." Drollinger, 552 F.2d at 1224 (citing Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973)).

8

634, 651 (7th Cir. 2018) (citing Williams v. Wisconsin, 336 F.3d 576, 579–80 (7th Cir. 2003)).

In this circuit, "collateral attacks disguised as civil rights actions should be dismissed without—rather than with—prejudice." Williams, 336 F.3d at 580. This "allows the plaintiff to decide whether to refile the action as a collateral attack after exhausting available state remedies." Id. (citing Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999); Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) (*per curiam*)). See also Des Jardin v. Briggs, Case No. 06-C-461, 2007 WL 870121, at *6 (E.D. Wis. Mar. 20, 2007) ("When a collateral attack has been brought erroneously as a civil action, the general rule is that it should be dismissed, without prejudice, to allow the plaintiff to refile the claim in a habeas petition.") (citing Williams, 336 F.3d at 579). The court will dismiss the second amended complaint without prejudice because it is not the appropriate way for the plaintiff to challenge the conditions imposed by his probation officer.[3] If the plaintiff wishes to pursue his challenge to the conditions his supervising agent has imposed, he must do so through a federal

---

[3] Even if the court were not required to dismiss the entire case, it would be required to dismiss the Wisconsin Department of Corrections, because §1983 allows a plaintiff to sue a "person" who has violated his civil rights, and a state department of corrections is not a "person" amenable to suit under §1983. Cullen v. Saddler, 668 F. App'x 666, 657 (7th Cir. 2016) (citations omitted). The court also would have been required to dismiss Zierhut's supervisor as a defendant; the second amended complaint makes no claims against the supervisor and a supervisor cannot be held liable under §1983 unless the plaintiff demonstrates that the supervisor was personally involved in or responsible for the deprivation of the constitutional right. Stockton v. Milwaukee Cty., 44 F.4th 605, 619 (7th th Cir. 2022).

9

*habeas corpus* petition under 28 U.S.C. §2254. The court will enclose a blank §2254 form for the plaintiff to use if he chooses to go that route.

When deciding whether to file a federal *habeas* petition, however, the plaintiff should be aware of a few things. First, before a person may bring a federal *habeas* petition, he must "exhaust[] the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). In Wisconsin, an individual on probation may request an administrative review to challenge certain decisions of his probation officer or the DOC under Wis. Admin. Code §DOC 328.12. Subsection three describes the procedure for these administrative reviews:

> (a) Prior to initiating a request for administrative review, the offender shall attempt to resolve the concern with the agent.
>
> (b) If the concern is not resolved under par. (a), the offender may file within a reasonable time a written request for administrative review to the agent's supervisor. The request and subsequent reviews shall be filed utilizing the department's forms.
>
> (c) The offender may request within a reasonable time a review of the supervisor's decision by the regional chief. If the concern is not resolved, the offender may request within a reasonable time a final review by the administrator.

Wis. Admin. Code § DOC 328.12(3).

The plaintiff does not indicate whether he has sought administrative review of his probation officer's prohibition against having full access to the Internet or a laptop/computer of his own. The first amended complaint stated only that the plaintiff had communicated with his probation officer's supervisor: "[M]y probation officer supervisor told my [sic] that whatever your PO tells you I will go along with it." Dkt. No. 4 at 2. The plaintiff should be aware that he may need to seek administrative review through the process

described in Wis. Admin. Code §DOC 328.12 before filing a federal *habeas* petition.

Second, the plaintiff may wish to be aware that in Wisconsin, "[p]robation agents have the authority to establish rules of probation that are supplemental to court-imposed conditions." State v. Purtell, 358 Wis. 2d 212, 219 n.7 (Wis. 2014) (citing Wis. Admin. Code §DOC 328.04(2)(d)). See Weinberger v. State of Wis., 105 F.3d 1182, 1187 (7th Cir. 1997) (stating Wisconsin's "administrative code section governing parole/probation supervision allows probation officers to establish probation conditions") (citing Wis. Admin. Code §DOC 328.04). An individual on supervision must "[c]omply with any additional rules that may be established by" his probation officer, and these "rules may be modified at any time as appropriate." Wis. Admin. Code §DOC 328.04(3)(s). "Wisconsin probationers are in the legal custody of the Wisconsin Department of Corrections, where they are subject to the 'control of the department under conditions set by the court and rules and regulations established by the department . . . .'" Purtell, 358 Wis. 2d at 228 (quoting Wis. Stat. §973.10(1)). See also Griffin v. Wisconsin, 483 U.S. 868, 870 (1987) (same).

Finally, the second amended complaint does not include any information about or mention of the plaintiff's previous allegations of wrongful death and the probation officer prohibiting him from seeing his mother. See Dkt. No. 4 at 3–4 (first amended complaint). In its August 26 order, the court informed the plaintiff that it did not have enough information on these claims and asked the

11

Case 2:22-cv-00605-PP    Filed 10/28/22    Page 11 of 12    Document 12

plaintiff to provide an explanation of when and how the probation officer prevented him from seeing his mother and an explanation of who died, when, and what the probation officer had to do with it. Dkt. No. 6 at 7. The plaintiff has not provided this information, so these claims remain dismissed because the plaintiff failed to provide sufficient facts to allow the court to determine whether he could state a claim for which this federal court could grant relief.

## V. Conclusion

The court **DENIES AS MOOT** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the plaintiff's motion for a restraining order and hearing date. Dkt. No. 7.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 28th day of October, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**